[No. 8364.   Department Two.   January 28, 1910.]

## W. J. WILSON, *Appellant*, v. B. W. JAMES *et al.*, *Respondents.*[1]

BROKERS—CONTRACTS—COMPENSATION—CONSTRUCTION.   A broker's contract to secure options on timber on certain lands for a commission of twenty per cent of the net profits derived from the sale of the timber, does not entitle him to commission on the profits of land which it was necessary to purchase in order to secure part of the timber; the contract contemplating only the purchase of timber to be removed from the land within a time specified.

Appeal from a judgment of the superior court for King county, Hardin, J., entered April 12, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*Caldwell & Riddell*, for appellant.

*H. R. Clise* and *C. K. Poe*, for respondents.

[1]Reported in 106 Pac. 618.

MOUNT, J.—This case turns upon the construction of a contract entered into by the appellant with the respondents. The contract provides as follows:

"That whereas the party of the first part [the appellant] is to procure for the parties of the second part [respondents] options or agreements whereby the parties of the second part may become the purchasers of certain timber located on lands hereinafter referred to. Now, therefore, it is understood and agreed that the party of the first part will use his reasonable efforts to procure for the benefit of the parties of the second part agreements, contracts or options for the purchase of twenty to thirty million feet of merchantable timber located on section three (3) and ten (10) in township twenty-four north (24) of range one (1) east, at an aggregate price not to exceed six thousand dollars ($6,000). It is understood and agreed that such contracts, agreements or options as shall be procured shall stipulate at least for a period of five years in which to remove the timber from the land on which it is situated. Now it is agreed that if, through the endeavors of the party of the first part, the parties of the second part shall purchase such timber or other timber in said vicinity, then the party of the first part shall have as his compensation or commission for promoting said purchases, twenty per cent (20%) of the net profits which shall be derived from the sale or disposition of said timber, it being understood that the parties of the second part shall, for such of said timber as they elect to purchase, furnish the cash and take the title and become the owners of said timber. It is furthermore agreed that the parties of the second part will not sell or dispose of said timber as may be so purchased, prior to a year from this date without the consent or acquiescence of the party of the first part."

It appears that, in order to purchase the timber, it was necessary to purchase certain land, and the land and timber were purchased. The appellant contends that he is entitled under the contract to twenty per cent of the net profits derived from the land as well as the timber. The trial court was of the opinion that the appellant was entitled only to the net profits derived from the sale of the timber, and entered a judgment therefor. It is apparent from the contract that

the appellant was employed to purchase timber. He was not employed to purchase land. When he purchased the land he did so merely in order to acquire the timber. The contract is specific in fixing the amount of commission, and also in fixing the source from which the commission was to be derived, viz: "twenty per cent of the net profits which shall be derived from the sale or disposition of said timber."

If the parties had intended that the appellant should receive twenty per cent of the net profits of the purchase, the sentence, "which shall be derived from the sale or disposition of said timber" is entirely superfluous and meaningless. The parties themselves agreed upon the source from which the commission was to be procured as well as upon the amount of it, and limited the source to the net profits from the sale of the timber. The contract to purchase timber did not necessarily include the purchase of land. It shows upon its face that the timber was to be purchased independently of the land, because it is stated that the contracts procured "shall stipulate for a period of five years in which to remove the timber from the land on which it is situated." It is clear, therefore, that the parties when using the word "timber" in the contract did not intend to include land, and did not intend that the commission should be derived from the net profits derived from the sale of the timber and the land on which it stood. Taking the plain words of the contract in their ordinary acceptation, the appellant's commission was clearly limited to the net profits derived from the sale of the timber, and reading the whole contract, it is apparent that the word "timber" as used therein does not include the land upon which the timber stood. The lower court was therefore right in limiting the commission to the net profits derived from the sale of the timber only.

With this view of the contract, it is not necessary to consider other questions presented. The judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and CROW, JJ., concur.